**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as subrogee of the Brownsville Navigation District of Cameron County,<br><br>Plaintiff,<br>v.<br><br>JAIME MARTINEZ, JUAN BLANCO, CARLOS CARDENAS, C&A INDUSTRIAL SUPPLY, LLC, and CLAUDIA LLAMAS,<br><br>Defendants. | No.: 4:26-cv-7766 |

**PLAINTIFF'S CIVIL ACTION COMPLAINT**

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as subrogee of the Brownsville Navigation District of Cameron County, by and through its attorneys, files this Complaint against Defendants Jaime Martinez, Juan Blanco, Carlos Cardenas, C&A Industrial Supply, LLC, and Claudia Llamas, and in support thereof avers the following:

**PARTIES**

1. Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a corporation formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, New York 10020.

2. National Union is a citizen of the Commonwealth of Pennsylvania and the State of New York.

3. Defendant Jaime Martinez ("Martinez") is an individual person who, upon information and belief, is a citizen of the State of Texas and has an address of 34668 Saint Simone Avenue, Apt. 177, Los Fresnos, Texas 78566.

4. Defendant Juan Blanco ("Blanco") is an individual person who, upon information and belief, is a citizen of the State of Texas and has an address of 7136 Caribbean Drive, Brownsville, Texas 78520.

5. Defendant Carlos Cardenas ("Cardenas") is an individual person who, upon information and belief, is a citizen of the State of Texas and has an address of 327 Giuseppe Verdi Avenue, Olmito, Texas 78575.

6. Defendant C&A Industrial Supply, LLC ("C&A") is, upon information and belief, a Texas Domestic Limited Liability Company whose members are citizens of the State of Texas.

7. C&A's registered agent is Claudia Llamas, with an address of 317 McFadden Hut Drive, Apt. 2, Brownsville, Texas 78520.

8. Defendant Claudia Llamas ("Llamas") is an individual person who, upon information and belief, is a citizen of the State of Texas and has an address of 317 McFadden Hut Drive, Apt. 2, Brownsville, Texas 78520.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the Commonwealth of Pennsylvania and the State of New York, all Defendants are citizens of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the employment

of Martinez, Blanco, and Cardenas at BND's Port of Brownsville facilities, and the submission, processing, and payment of fraudulent invoices at BND's offices in Brownsville, Texas.

**FACTUAL ALLEGATIONS**

11. The Brownsville Navigation District of Cameron County ("BND") oversees the Port of Brownsville, the only deepwater port on the U.S.-Mexico border, located at 1000 Foust Road, Brownsville, Texas 78521.

12. At all times relevant hereto, Martinez was employed by BND as Director of Human Resources.

13. Martinez was hired on September 9, 2013 as Manager of Human Resources and promoted to Director on January 21, 2016.

14. Martinez served on BND's executive management team and reported directly to the Port Director and CEO.

15. At all times relevant hereto, Blanco was employed by BND as Information Technology Supervisor.

16. Blanco was hired on July 24, 2014 as IT Coordinator and promoted to IT Supervisor on March 20, 2018.

17. Blanco oversaw the IT Department team, managed the inventory of all IT equipment, and communicated with vendors and conducted research to request quotes.

18. At all times relevant hereto, Cardenas was employed by BND as Information Technology Coordinator.

19. Cardenas was hired on July 1, 2019 and managed the inventory of IT equipment, performed component replacements and repairs, and reported to the IT Supervisor.

20. Beginning in approximately February 2022 and continuing through at least October 2022, Martinez, Blanco, and Cardenas, in collusion with C&A and Llamas, participated in a scheme to misappropriate funds from BND through fraudulent purchases of electronic equipment.

21. Martinez ordered various electronic devices from C&A, including: (a) one CISCO Firepower Firewall 4145, model FPR4145-NGFW-K9, for $224,000; (b) 30 new CISCO Catalyst Switches, model WS-C3652-24-TS-E, for $126,000; and (c) four CISCO S-class transceivers, QSFP-40 Gigabit LAN, at $9,102.52 each.

22. Blanco and Cardenas approved the payments made to C&A for these purchases.

23. The above-referenced items specified in C&A's invoices were either never delivered to BND or were replaced with inferior, outdated, or used equipment by the Defendants.

24. In October 2022, BND's Deputy Port Director discovered potentially irregular purchasing practices by Martinez.

25. On December 7, 2022, BND's Port Director authorized a comprehensive audit.

26. BND's investigation revealed that C&A's address on its invoices was a vacant residential property with disconnected electricity.

27. Between December 8 and 20, 2022, BND conducted interviews with IT personnel.

28. None could identify the items specified in the invoices submitted by C&A; they instead identified inferior, outdated, or used equipment that did not match the quality or value of the items specified in the C&A invoices.

29. BND attempted to meet with Llamas to discuss the above-referenced issues.

30. Llamas initially agreed to a meeting but later declined to meet and avoided further contact with BND.

31. During BND's investigation, Blanco and Cardenas resigned without notice and deleted all of their stored emails, making them irretrievable.

32. Martinez was subsequently terminated.

33. In total, BND suffered a loss of $386,410.00 as a result of Defendants' fraudulent scheme.

34. National Union issued a policy of insurance, Policy No. 011352891, in which National Union agreed to insure BND for losses sustained due to employee theft.

35. Pursuant to the Policy, National Union indemnified BND for the losses sustained.

36. As a result of indemnifying BND, National Union has become subrogated to BND's rights against Defendants.

37. Despite demand, Defendants have not reimbursed BND or National Union for any portion of the loss.

**COUNT I - FRAUD**
**National Union v. Defendants**

38. National Union repeats and realleges the above allegations as if set forth herein.

39. Defendants falsely represented that C&A's invoices and related payment requests were legitimate, that the items identified on those invoices were needed for BND's operations, and that BND should approve and pay those invoices.

40. Defendants knew these representations were false because the items specified in the C&A invoices were either never delivered to BND or were replaced with inferior, outdated, or used equipment.

41. Defendants made these false representations, or caused them to be made, with the intent to defraud BND and to induce BND to approve the fraudulent invoices, issue payment to C&A, and refrain from detecting or stopping their misconduct.

42. BND justifiably relied on Defendants' misrepresentations because the invoices and payment requests appeared to relate to BND's legitimate IT needs and were initiated by Martinez and approved by Blanco and Cardenas.

43. Defendants' conduct was wanton and willful and committed with actual malice because Defendants intentionally participated in the fraudulent invoice scheme to defraud BND.

44. As a result of Defendants' fraud, BND, and thus National Union as subrogee of BND, suffered a loss in the principal amount of $386,410.00 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $386,410.00, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

**COUNT II - BREACH OF FIDUCIARY DUTY**
**National Union v. Martinez, Blanco, and Cardenas**

45. National Union repeats and realleges the above allegations as if set forth herein.

46. As BND employees in positions of trust, Martinez (Director of Human Resources and a member of BND's executive management team), Blanco (IT Supervisor overseeing the IT Department, managing IT inventory, communicating with vendors, and conducting research to request quotes), and Cardenas (IT Coordinator managing IT inventory) owed BND fiduciary duties to act in BND's best interests, safeguard BND's funds and property, provide honest and accurate information concerning purchases and invoices, ensure that vendor expenses were legitimate, and refrain from stealing from BND.

47. Martinez breached those duties by ordering electronic equipment from a fraudulent vendor, structuring purchases to evade procurement controls, and concealing the scheme.

48. Blanco breached those duties by approving fraudulent payments to C&A and concealing the scheme.

49. Cardenas breached those duties by approving fraudulent payments to C&A and concealing the scheme.

50. Their conduct was wanton and willful and committed with actual malice because they intentionally exploited their positions, purchasing authority, and access to BND's procurement processes to misappropriate BND's funds.

51. As a result of the aforementioned breach of fiduciary duty by Martinez, Blanco and Cardenas, BND, and thus National Union as subrogee of BND, suffered a loss in the principal amount of $386,410.00 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Martinez, Blanco, and Cardenas, jointly and severally, for compensatory damages in the amount of $386,410.00, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

**COUNT III CIVIL CONSPIRACY**
**National Union v. Defendants**

52. National Union repeats and realleges the above allegations as if set forth herein.

53. Defendants agreed and acted in concert to accomplish the unlawful objective of misappropriating BND funds through the fraudulent vendor-payment scheme.

54. In furtherance of that agreement, Martinez ordered the equipment from C&A, Blanco and Cardenas approved payments to C&A, C&A and Llamas submitted or benefited from invoices for goods that were never delivered or were replaced with inferior items, and Llamas, as C&A's principal, accepted and retained the fraudulent payments.

55. The underlying tortious conduct supporting the conspiracy includes the fraud and breach of fiduciary duty alleged in Counts I and II.

56. As a result of Defendants' conspiracy, BND, and thus National Union as subrogee of BND, suffered a loss in the principal amount of $386,410.00 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $386,410.00, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

By: /s/ Matthew A. Lipman
Matthew A. Lipman, Esq.
Attorney in Charge
1617 JFK Boulevard, Suite 1500
Philadelphia, Pennsylvania 19103-1815
Telephone: (215) 557-2900
Facsimile: (215) 557-2990
mlipman@mdmc-law.com
*Attorneys for Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa.*

Dated: September 14, 2026